## In re LEVINSON.
### No. 17308.

District Court, E. D. Pennsylvania.
May 31, 1934.

Martin Feldman and Horenstein & Harvey, all of Philadelphia, Pa., for petitioner.

Buckman & Buckman, Shields, Clark, Brown & McCown, James S. Clifford, Jr., and Williams, Brittain & Sinclair, all of Philadelphia, Pa., for respondents.

DICKINSON, District Judge.

The motion should be allowed, limited as herein indicated.

### Discussion.

No more is required than a fact statement.

### The Fact Situation.

A voluntary petition in bankruptcy was filed August 5, 1933. The bankrupt had been in the contracting business. He had entered into a contract with the school district of Philadelphia for the erection of a junior high school building. As contractor, he gave bond with the National Surety Company, as surety, with inter alia a condition that he would pay for all material and labor supplied toward the construction of the building. It is averred that he assigned all moneys payable to him as contractor to indemnify his surety against loss. It is likewise averred that there are claims for material and labor which remain unpaid. There was a balance due the contractor of $2,421.49. The contractor, as stated, was adjudicated a bankrupt and the surety was made the subject of a receivership. At this stage the trustee in bankruptcy had a claim against the school district for the balance due under the contract; the receivers of the surety had whatever claim they had as assignee of the contractor and the materialmen and labor claimants had whatever claims they had to the fund in the hands of the school board. The trustee demanded and the school board paid the fund to the trustee in bankruptcy. Whether the actual payment was before or after the school board had notice of the filing of the bill in equity next referred to does not clearly appear but the order of the school board for the payment precedes the bill. Some of the materialmen and labor claimants filed a bill in equity in a state court on January 26, 1934. To this bill the trustee in bankruptcy was made a party as such. The object of the bill is averred to be to have the court in which filed, decree the distribution of the fund in question and one of the prayers is that the trustee in bankruptcy be enjoined from accepting or retaining payment of the fund. In the meantime the trustee had made the fund the subject of an account by including it in the total sum in his hands as trustee. Some, perhaps all, of the plaintiffs in the bill and claimants to the fund made themselves parties to the proceedings in bankruptcy by asserting their respective claims thereto against the general creditors of the bankruptcy estate. The fact situation here becomes too complicated for general statement in this feature of it. The leave of the bankruptcy court was not given to prosecute any claim against its trustee. We understand all the parties in interest are before us on this motion.

### Conclusions.

The doctrine invoked by the respondents to this motion is a true doctrine but it has no application to the fact situation presented. The doctrine is that a bankruptcy court cannot by summary process enforce a claim of title by a bankruptcy estate to property in the possession of another under an adverse claim of title unless such adverse claim is purely colorable. The receiver or trustee in bankruptcy must have resort to a plenary suit. This means that if the school district had resisted payment to the trustee in bankruptcy, the latter would have been obliged to have brought an action for the recovery of the sum claimed. This must be conceded. The school board, however, voluntarily paid the money. It is in the possession and under the control and subject to the disposition of the bankruptcy court. It must be awarded to whomever that court decrees it should go. The question in consequence is whether that court can permit the fund to be taken by force out of its hands. The question answers itself. This does not mean that the various claimants cannot assert in the bankruptcy proceedings any claims they may have. Nor does it mean that they are not free to assert any claims they may have against the school district or any third party. All it means is that they cannot interfere with the bankruptcy court without its express consent. The situation is in principle analogous to that of one who claims property or the right to enforce a lien against property in the possession of a trustee in bankruptcy.

The distinction we have pointed out must be observed in the order made but a restraining order as indicated may be submitted.